ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 FEB 20 A 10: 40

CLERK _____
SO. DIST. OF GA.

| | | |
|---|---|---|
| DESI LEE HYMAN JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 313-072 |
| | ) | |
| IRA STRICKLAND, Captain, Prison | ) | |
| Guard Telfair State Prison, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate at Telfair State Prison in Helena, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. After this case was transferred to the Southern District of Georgia, the Court ordered Plaintiff to re-submit his complaint on the appropriate forms so that the Court could have all the information it needed to evaluate his complaint. (See doc. no. 8.) Plaintiff complied, but thereafter moved to amend his complaint and was informed that (1) he could not amend in a piecemeal fashion by submitting separate filings to be read in conjunction with his original complaint and (2) his second amended complaint constituted a shotgun pleading. (See doc. nos. 10, 13, 14.) The Court directed Plaintiff to file an amended complaint to correct these deficiencies and Plaintiff complied on January 13, 2014. (Doc. no. 17.)

Because he is proceeding in forma pauperis ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir.

2006) (*per curiam*). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

## I.      SCREENING OF THE COMPLAINT

### A.      BACKGROUND

Plaintiff names the following as Defendants in this case:  (1) Ira Strickland, Captain, Prison Guard Telfair State Prison; (2) Jacob Beasley, Lieutenant, Prison Guard Telfair State Prison; (3) Mr. Bell, CERT Member, Telfair State Prison; (4) Mrs. Seacrest, Nurse, Telfair State Prison; (4) Belinda Thomas, Clerk of Court, Telfair County; and (5) Ken Wommack, Prison Guard/Maintenance, Telfair State Prison. (See doc. no. 17, pp. 1, 6.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff alleges that on December 14, 2012, Defendant Strickland "provoked and instructed [Defendant] Beasley" to pepper spray Plaintiff if he did not put on handcuffs to get a haircut. (Id. at 7.) Defendant Beasley then sprayed Plaintiff while Defendants Bell and Strickland watched and did not intervene even though "it was clear that force was not needed for the situation." (Id.) Defendant Wommack also failed to intervene even though he had "prior knowledge that force was about to be used." (Id. at 8.)

When Plaintiff was taken to medical, Defendants Bell and Strickland witnessed Defendant Seacrest deny Plaintiff treatment. (Id.) However, Defendant Seacrest "began smiling, grimacing at [Plaintiff] and then gave [him] faulty directions," which made his symptoms worsen. (Id. at 10.)  Plaintiff asked Defendant Wommack for medical

2

attention after this, but he refused. (Id. at 9.) Moreover, Plaintiff was then unnecessarily handcuffed after he was sprayed and showered. (Id.)

Lastly, Plaintiff alleges that "around May 2013" Defendant Thomas, the Clerk of Court at the Telfair County Courthouse, refused to file documents. (Id. at 10.)

Plaintiff states he filed informal and formal grievances, which were "denied or either not responded to." (Id. at 5.) He did not appeal the denials because he was allegedly "not given the chance." (Id. at 6.) Plaintiff seeks monetary relief, including any fees associated with this action. (Id. at 11.)

## B.    DISCUSSION

### 1.    Lack of Exhaustion

Plaintiff's complaint should be dismissed because of his failure to exhaust administrative remedies. Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's mandatory exhaustion requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). Moreover, the Court does not have discretion to waive the requirement, even if it can be shown that the grievance process is futile or inadequate. See Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012) (per curiam); Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998).

Furthermore, the PLRA also "requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). In order to properly exhaust his claims, a prisoner must "us[e] all steps" in the administrative process; he must also comply with any administrative

3

"deadlines and other critical procedural rules" along the way. Id. at 90 (internal quotation omitted). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

Also, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, the Eleventh Circuit requires prisoners to complete the administrative process *before* initiating suit. Poole v. Rich, 312 F. App'x 165, 166 (11th Cir. 2008) (*per curiam*); see also Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*).[1] Finally, under the PLRA, the Court has no discretion to inquire into whether administrative remedies are "plain, speedy, [or] effective." Porter, 534 U.S. at 524; see also Alexander, 159 F.3d at 1326. Rather, under the PLRA's "strict exhaustion" requirement, administrative remedies are deemed "available" whenever "'there is the possibility of at least some kind of relief.'" Johnson, 418 F.3d at 1155, 1156.

Because of the date of the incident that Plaintiff alleges occurred, the administrative grievance procedure applicable in this case is governed by the version of the Georgia Department of Corrections' Standard Operating Procedure ("SOP") IIB05-0001 that became effective on June 1, 2004.[2] Once an inmate has unsuccessfully attempted to resolve a complaint through discussion with the staff involved, the

---

[1]Other federal circuits have similarly held that the PLRA does not allow a plaintiff to exhaust administrative remedies while his case is pending. See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001); Lee v. Lappin, No. 04-5008, 2004 WL 1701045 (D.C. Cir. July 29, 2004); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 538 (7th Cir. 1999).

[2]The current version of the SOP became effective on December 10, 2012, less than a week after the date of the incident. See SOP IIB05-0001 (2012).

administrative remedies procedure commences with the filing of an informal grievance. SOP IIB05-0001 § VI(B). The inmate has ten calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance" to file the informal grievance. SOP IIB05-0001 § VI(B)(5). The timeliness requirements of the administrative process may be waived upon a showing of good cause. See id. §§ VI(C)(2) & (D)(2). The SOP requires that an inmate be given a response to his informal grievance within ten calendar days of its receipt by the inmate's counselor; the informal grievance procedure must be completed before the inmate will be issued a formal grievance. Id. §§ VI(B)(12)-(13).

If unsatisfied with the resolution of his informal grievance, an inmate must complete a formal grievance form and return it to his counselor within five business days of his receipt of the written resolution of his informal grievance. Id. § VI(C)(2). Once the formal grievance is given to the counselor, the Warden/Superintendent has 30 calendar days to respond. Id. § VI(C)(14). If the inmate is not satisfied with the Warden's response to the formal grievance, he has five business days from the receipt of the response to file an appeal to the Office of the Commissioner; the Office of the Commissioner or his designee then has 90 calendar days after receipt of the grievance appeal to respond. Id. §§ VI(D)(2) & (5). The grievance procedure is terminated upon the issuance of a response from the Commissioner's Office. See id. § VI(D).

Here, it is apparent from Plaintiff's complaint that he did not exhaust his administrative remedies prior to the commencement of this case, as is required under the PLRA. Plaintiff admits that he has failed to complete the exhaustion process concerning the claim set forth in his complaint, (doc. no. 17, p. 6), because he filed his complaint without having appealed the denial of his formal grievance to the Office of the

5

Commissioner, as provided for in the applicable Department of Corrections Standard Operating Procedures. See SOP IIB05-0001 § VI. Therefore, he has procedurally defaulted his claims. Johnson, 418 F.3d at 1159. In order to properly exhaust, Plaintiff must use all steps of the available exhaustion procedure. Woodford, 548 U.S. at 93. Moreover, because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, Plaintiff had to complete the entire administrative grievance procedure *before* initiating this suit. Higginbottom, 223 F.3d at 1261. Therefore, Plaintiff's complaint should be dismissed without prejudice.[3]

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to exhaust administrative remedies and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of February, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

---

[3]The Court recognizes that the Supreme Court held that under the PLRA, exhaustion of administrative remedies is an affirmative defense. Jones v. Bock, 549 U.S. 199, 215 (2007). However, if the allegations in the complaint, taken as true, demonstrate that a prisoner's claims are barred by an affirmative defense, the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. Id. at 14; see also Clark v. Georgia Bd. of Pardons and Paroles, 915 F.2d 636, 640-41 (11th Cir. 1990) (explaining that district court may dismiss prisoner's complaint "if [it] sees that an affirmative defense would defeat the action," including the prisoner's failure to exhaust "alternative remedies"). Therefore, because it is clear from the face of Plaintiff's complaint that he failed to exhaust his administrative remedies, the Court can properly recommend that Plaintiff's complaint be dismissed. See Anderson v. Donald, 261 F. App'x 254, 256 (11th Cir. 2008) (*per curiam*) (finding that the district court properly dismissed the plaintiff's complaint because the allegations in the complaint sufficed to establish that Plaintiff failed to exhaust his administrative remedies).